IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAY INDUSTRIAL SAFETY SERVICES, INC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| ROBERT WILSON, | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR LEGAL MALPRACTICE

NOW COMES the plaintiff, **BAY INDUSTRIAL SAFETY SERVICES, INC.**, by and through its attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complaining of the defendant, **ROBERT WILSON**, states as follows:

## THE PARTIES

1. Plaintiff, Bay Industrial Safety Services, Inc. [hereinafter "Bay"], is an Illinois corporation with its principal place of business in Illinois. Bay is the Debtor in Possession in a bankruptcy proceeding filed in the United States Bankruptcy Court for the Southern District of Illinois under case number BK 14-60259-lkg.

2. Defendant, Robert Wilson [hereinafter "Wilson"], is a citizen of the State of Texas and is now and was at all times relevant hereto an attorney duly licensed in the State of Texas. Wilson is the attorney who formerly represented Bay in a case titled *Attaway et al. v. Bay Industrial Services, Inc. et al.* filed under case number 11cv 00803 in the United States District Court for the Southern District of Illinois. Bay's claim against Wilson stems from alleged legal malpractice Wilson committed in his representation of Bay in the Attaway lawsuit.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

5. The case titled Attaway et al. v. Bay Industrial Services, Inc. et al., case number 11-CV-803, was filed on November 19, 2012. The plaintiffs, Justin Attaway, Sam Fuentes, Martin Fuentes, William Rivera, Teddy Marrero and Victor E. Alonso Aguirre, named Bay, Shaw Energy & Chemicals, Inc. [hereinafter "Shaw"], Jennie Rich and William Glenn Parker as the defendants and alleged claims for failure to pay them overtime wages in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. 201, et seq. and Illinois minimum wage law 820 ILCS 105/1 et seq. A copy of the plaintiffs' Third Amended Complaint is attached hereto as Exhibit A.

6. Thereafter, Bay selected and employed Wilson to represent Bay in the Attaway lawsuit as well as to represent Bay with respect to any adverse claims filed against Bay in that lawsuit.

7. At all times relevant hereto, Wilson held himself out to the public as an active trial attorney having experience in the area of Personal Injury, Business Litigation, Family Law, Criminal Law, Real Estate and Probate.

8. At all times relevant hereto, Bay had an attorney-client relationship with Wilson with respect to the Attaway lawsuit.

9. On June 20, 2012, Shaw filed a Cross-Complaint against Bay, a copy of which is attached hereto as Exhibit B. Shaw alleged in its Cross-Complaint that it was entitled to indemnification from Bay for any sums that Shaw might be adjudicated liable to the plaintiffs in the Attaway lawsuit along with its costs of defense, costs of suit and attorney's fees.

10. Wilson failed to file any responsive pleading on behalf of Bay to the Cross-Complaint filed by Shaw on or before the due date of July 11, 2012, or at any other time.

11. On August 2, 2012, Shaw filed a Request for Clerk's Entry of Default Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, a true and correct copy of which is attached hereto as Exhibit C. At no time did the defendant, Wilson, ever move to vacate the order of default despite having meritorious defenses and it being in his client's best interest.

12. On August 7, 2012, an Amended Default Entry by Clerk was filed pursuant to Shaw's request against Bay for failure to plead or otherwise defend as required by the Federal Rules of Procedure. At no time did the defendant, Wilson, ever move to vacate this order of default despite having meritorious defenses and it being in his client's best interest. A true and correct copy of the Default Entry by Clerk is attached hereto as Exhibit D.

13. On May 6, 2014, a stipulation signed by Wilson and Shaw's counsel, Jan Michelsen, was filed for the award of a judgment against Bay on Shaw's Cross-Claim in the amount of $1,137.908.73. A true and correct copy of the stipulation is attached hereto as Exhibit E.

14. On May 30, 2014, a Judgment in a Civil Case was entered, which, *inter alia,*

entered judgment in favor of Shaw and against Bay on Shaw's Cross-Claim in the amount of $1,137,908.73. A true and correct copy of the Judgment in a Civil Case is attached hereto as Exhibit F.

## COUNT I - NEGLIGENCE

15. At all times relevant hereto, Wilson had a duty to represent Bay with the reasonable care, skill, competence and diligence possessed by attorneys who handle these type of cases.

16. At all times relevant hereto, Wilson knew or should have known that Shaw's Cross-Claim for indemnification was frivolous because Federal District Courts hold that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted.

17. In violation of the duty of reasonable care, skill and diligence he owed to his client, Bay, the defendant, Wilson:

(a) negligently failed to file a motion to dismiss Shaw's Cross-Complaint asserting the defense that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted;

(b) negligently failed to prevent the entry of the Amended Default Order by Clerk by failing to file any responsive pleading to the Cross-Complaint asserting the defense that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted;

(c) negligently advised Bay to enter into a stipulation with Shaw on its Cross-Complaint, though he knew or should have known that Shaw had no right to indemnification under well-established law that claims for indemnification are not

recognized under the FLSA and that any attempt to do so under state law is pre-empted;

(d) negligently agreed to the entry of a judgment against his client, Bay, in the amount of $1,137.908.73 though Wilson could have secured a dismissal of the Cross-Complaint by asserting the defense that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted; and

(f) negligently allowed the entry of a final judgment in the amount of $1,137.908.73 to be entered against his client, Bay, though claims for indemnification are not recognized under the FLSA and any attempt to do so under state law is pre-empted.

18. Bay would have been able to successfully oppose Shaw's Cross-Complaint and the judgment entered thereon, but for Wilson's negligence as aforesaid. As a direct and proximate result thereof, Bay has been damaged in the sum of $1,137.908.73.

**WHEREFORE**, the plaintiff, **BAY INDUSTRIAL SAFETY SERVICES, INC.** prays for judgment in its favor and against the defendant, **ROBERT WILSON**, in the sum of $1,137.908.73 and for its costs of suit.

## COUNT II – BREACH OF CONTRACT

As paragraphs 5 through 14 of Count II, Bay re-states and re-alleges the allegations of paragraphs 5 through 14 of Count I hereof.

15. A contract existed between Wilson and Bay whereby Wilson agreed to represent Bay in the Attaway lawsuit as well as any adverse claims filed against Bay in that lawsuit.

16. Bay performed all its obligations under the said contract.

17. At all times relevant hereto, Wilson knew or should have known that Shaw's

Cross-Claim for indemnification was frivolous because courts uniformly hold that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted.

18. The defendant, Wilson, breached the parties' contract by:

(a) failing to file a motion to dismiss Shaw's Cross-Complaint asserting the defense that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted;

(b) failing to prevent the entry of the Amended Default Entry by Clerk by failing to file any responsive pleading to the Cross-Complaint asserting the defense that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted;

(c) advising his client, Bay, to enter into a settlement with Shaw on its Cross-Complaint, though he knew or should have known that Shaw had no right to indemnification under well-established law that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted;

(d) agreeing to the entry of a judgment against his client, Bay, in the amount of $1,137.908.73 though he could have secured a dismiss of the Cross-Complaint on the ground that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted; and

(e) failing to oppose the entry of a final judgment in the amount of $1,137.908.73 to be entered against his client, Bay by asserting as a defense that claims for indemnification are not recognized under the FLSA and that any attempt to do so under state law is pre-empted.

19. Bay would have been able to successfully oppose Shaw's Cross-Complaint and the judgment entered thereon, but for Wilson's breach of contract as aforesaid. As a direct and proximate result thereof, Bay has been damaged in the sum of $1,137.908.73.

**WHEREFORE**, the plaintiff, **BAY INDUSTRIAL SAFETY SERVICES, INC.** prays for judgment in its favor and against the defendant, **ROBERT WILSON**, in the sum of $1,137.908.73 and for its costs of suit.

**BAY INDUSTRIAL SAFETY SERVICES, INC.**

By:__s/Jeffrey S. Deutschman_____
One of Plaintiff's Attorneys

JEFFREY S. DEUTSCHMAN
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 W. Washington Street
Suite 1525
Chicago, Illinois  60602
(312) 419-1600