IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAY INDUSTRIAL SAFETY SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-00873-JPG-SCW |
| ROBERT WILSON, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Robert Wilson's Motion (Doc. 16) to Dismiss pursuant Federal Rule of Civil Procedure 12(b)(1). The plaintiff filed a timely response (Doc. 24) and the defendant filed a reply (Doc. 26). Local Rule 7.1(c) provides that reply briefs are not favored and should only be filed under exceptional circumstances. In compliance with Local Rule 7.1(c), the defendant has stated exceptional circumstances within his reply and therefore, the Court will consider the defendant's reply brief.

1. **Background.**

This is an action for negligence and breach of contract with regard to allegations of legal malpractice. According to the complaint, Robert Wilson represented Bay Industrial Safety Services, Inc. ("Bay") in the case *Attaway. et al. v. Bay Industrial Services, Inc,. et al.*, 11-cv-803-SCW, Southern District of Illinois. The *Attaway* matter was a Fair Labor Standards Act litigation which resulted in a judgement against Bay, on a cross-claim, in the amount of $1,137,908.73. Bay alleges that the cross-claim was frivolous and that Wilson failed to properly defend Bay with regard to the cross-claim.

Because of the judgment, Bay filed Chapter 11 bankruptcy on July 3, 2014 (14-60259, SDIL).  Defendant now moves to dismiss this matter stating that the bankruptcy "assigned" the legal malpractice action "to the bankrupt estate's creditors" and therefore, Bay does not have standing to bring this suit.  Defendant also argues in his reply brief that dismissal is proper because it is barred by the doctrine of judicial estoppel.

**2.  Standard.**

Challenges to the Court's subject matter jurisdiction are considered under Federal Rule of Civil Procedure 12(b)(1).  Under that rule, a defendant can challenge a court's subject matter jurisdiction in two ways.  He may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff.  *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003).

Alternatively, where a complaint is facially sufficient, a defendant may challenge the actual facts establishing jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor.  *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).  To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case.  *Id.*  In any case, the plaintiff has the burden of proving that subject matter jurisdiction exists.  *Lee*, 330 F.3d at 468.

In the case at bar, the defendant challenges the facts on which the plaintiff relies to establish subject matter jurisdiction.  Thus, the plaintiff must present evidence sufficient to resolve the factual dispute.

3. **Analysis.**

The doctrine of standing is a component of the Constitution's restriction of federal courts' jurisdiction to actual cases or controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see* U.S. Const. art. III, § 2. Standing contains three elements:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical. . . . Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. . . .. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (internal citations, quotations and footnotes omitted); *accord Sierra Club v. Franklin County Power of Ill., LLC*, 546 F.3d 918, 925 (7th Cir. 2008).

Further, "[i]t is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Therefore, this Court will apply Illinois substantive law and federal procedural law in this matter.

Defendant argues that the bankruptcy plan "reassigned" Bay's legal malpractice action and that an assignment of a legal malpractice claim "run afoul" of Illinois law which prohibits such assignments. He cites to *Brandon Apparel Group v. Kirkland and Ellis*, 382 Ill.App.3d 273 (2008) which states, "Legal malpractice claims are not assignable in Illinois." *Id*. at 282. However, *Brandon* was distinguished by *Learning Curve Intern., Inc. v. Seyfarth Shaw LLP*, 392

Ill.App.3d 1068 (2009), which clarified that:

> The rule in Illinois, as in other states, permits the transfer of a cause of action for legal malpractice under certain circumstances. For example, when a client dies after filing a claim for legal malpractice, the claim passes to the client's estate. If a bankruptcy estate owns a bankrupt person's claim for legal malpractice, then that estate has the power to assign that claim to the bankrupt person, giving that person the right to pursue the cause of action.

Under the former Bankruptcy Act, only rights of action that, "by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered" could transfer to the bankruptcy estate. 11 U.S.C. § 110(a)(5) (1964). As such, "a cause of action for legal malpractice was not transferable and, therefore, not part of the estate of the bankrupt." *Hoth v. Stogsdill*, 210 Ill.App.3d 659, 664 (1991). However, the Bankruptcy Reform Act of 1978 provided that, "all legal or equitable interest of the debtor in property as of the commencement of the case" became property of the bankrupt estate. 11 U.S.C. § 541 (1964)(the Reform Act). Further, a legal malpractice action is not property exempt under section 522 of the Reform Act. *See* 11 U.S.C. § 522(b) (Supp. II 1978) and 735 ILCS 5/12-1201. Therefore, under current bankruptcy and Illinois law, Bay's legal malpractice action correctly passed to the bankruptcy estate and is not an assignment of Bay's legal malpractice action.

The Defendant also argues that Bay has no interest since, "the Plan for Reorganization transfers an identifiable interest in [the legal malpractice suit] to Beckmeyer for the benefit of himself, the Attaway Claimants and Shaw." (Doc. 16, pg 8). "With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or

proceeding in behalf of the state before any tribunal." Fed.RulesBankr.Proc.Rule 6009. "To say that the trustee has "exclusive authority" does not mean that the debtor-in-possession cannot act as a trustee and therefore enjoy that same authority. Ruling otherwise would conflict with the explicit language of Rule 6009 that the "trustee or debtor in possession may … prosecute any action or proceeding in behalf of the estate before any tribunal." *Cable v. Ivy Tech State College*, 200 F.3d 467, 473 (7th Cir. 199)(overruled on other grounds.) The Court also notes that the plaintiff debtor-in-possession in the *Cable* case did not bring suit for his own benefit, but that, "the [bankruptcy] plan specifically directs that the potential proceeds from . . . [the] claim benefit the estate and its creditors." *Id.* at 473. Therefore, case law holds that a debtor-in-possession may bring a suit that will benefit its claimants regardless of whether there is a direct benefit to the debtor-in-possession.

Finally, in his reply brief, Defendant argues that, "Bay's claim is barred by the doctrine of judicial estoppel. "[W]e invoke our well established waiver jurisprudence: arguments raised for the first time in a reply brief are waived. *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 011)(overruled on other grounds.) Therefore, the Court will not address the issue of judicial estoppel.

4. **Conclusion.**

Based on the above, Defendant Robert Wilson's Motion (Doc. 16) to Dismiss pursuant Federal Rule of Civil Procedure 12(b)(1) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 6/29/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**